# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TRACY R. TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:21-cv-00042 |
| ) | Judge Richardson |
| METROPOLITAN GOVERNMENT OF ) | Magistrate Judge Newbern |
| NASHVILLE AND DAVIDSON COUNTY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF TRACY TURNER

Defendant Metropolitan Government of Nashville and Davidson County, Tennessee ("Defendant"/"Proponent"), pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, propounds the following discovery requests ("Requests") to Plaintiff Tracy Turner ("Plaintiff"/"Respondent"). Plaintiff shall answer the following Requests within 30 days, in writing and under oath, and provide a written response to the offices of the Metropolitan Government Department of Law, 108 Metropolitan Courthouse, P.O. Box 196300, Nashville, Tennessee 37219.

## INSTRUCTIONS AND DEFINITIONS

1. **General Instructions.** All aspects of these Requests are to be construed in a manner consistent with the Federal Rules of Civil Procedure. In determining the meaning of these Requests, Respondent shall subscribe to each word its plain and ordinary meaning as found in Webster's Dictionary or any other generally-recognized dictionary.

2. **Authority.** These Requests are propounded pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure. Proponent will hold Respondent accountable for abiding by all requirements of these rules.

3.      **Supplemental Answers.** These Requests shall be continuing in nature, so as to require supplemental answers: (1) seasonally; and (2) where Respondent comes into possession of information that initially was not supplied. Such supplemental answers are to be served before trial, and within a reasonable time after the information or knowledge is obtained, but in no event later than 30 days after it is obtained. If Respondent fails to supplement the answers to these Requests, Proponent will seek appropriate relief from the Court, up to and including an Order excluding documents and/or information from evidence, and/or dismissal of this lawsuit.

4.      **Privilege Claims.**   If Respondent refuses or fails to answer all or any part of any Request on the basis of any claim(s) of privilege, she is required to state the nature and scope of the privilege claimed, and the information withheld, with sufficient particularity as to enable Proponent to evaluate the appropriateness of the claim(s) of privilege. If Respondent refuses or fails to state the nature and scope of the privilege claimed with sufficient particularity, Proponent will treat such failure as a complete waiver of the privilege asserted.

5.      **Objections.** If you object to any Request, the reason therefore shall be stated with particularity.

6.      **Definitions.**

(a)     You shall answer each Interrogatory separately. You shall answer each Interrogatory to the fullest extent of your present knowledge. Interrogatories should not be combined for the purpose of supplying a common answer thereto, but answers may be supplied by reference to the answer of another Interrogatory.

(b)     Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrences set forth in the Complaint.

(c) The terms "writing and/or documents" as used herein mean all records, papers and books, transcriptions, pictures, drawings, or diagrams of every nature, whether transcribed by hand or by some mechanical, electronic, photographic, or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating or pertaining in any way to the subject matters in connection with which it is used, and includes originals, all file copies, all of the copies no matter how prepared, and all drafts prepared in connection with such writing, whether used or not, including but not limited to: books, records, contracts, agreements, expense accounts, canceled checks, catalogues, price lists, sound and tape recordings, memorandum (including written memoranda or telephone conversations, other conversations, discussions, agreements, acts and activities), minutes, diaries, calendar or desk pads, scrapbooks, note books, correspondence, bulletins, circulars, forms, pamphlets, notices, statements, journals, postcards, letters, telegrams, reports, inter-office communications, photostats, microfilm, maps, and deposition transcripts, whether prepared by you for your own use or for transmittal or received by you.

(d) The terms "identify," "identifying," or "identification" when referring to a natural person requires you to provide an identification sufficient to serve such person with process or require his or her attendance at this Court and shall include, without limitation, his or her full name, present or last known address, present or last known business and home phone number, present or last known business affiliation, title or occupation, and each of his or her positions during the applicable period of time covered by any answer referring to such person. When used in reference to a writing or document (including, without limitation, any business records), such words mean to give a sufficient characterization of such writing or document as properly to identify it in a subpoena, and shall include, without limitation, the following information with respect to each such document:

(1) the date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

(2) the identity or descriptive code number, file number, title, or label of such document;

(3) the general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(4) the name of the person to whom such document was addressed and the name of each person other than such addressee to whom such document, or copies of it, were given or sent;

(5) the name of the person having present possession, custody, or control of such document; and

(6) whether or not any draft, copy, or reproduction of such document contains any postscripts, notation, change, or addendum not appearing on the document itself, and if so, the answer shall give the description of each draft, copy, or reproduction.

(e) Provide the following information in chronological order with respect to each oral communication that is the subject matter in whole or in part of any of these Interrogatories:

(1) who was present;

(2) the dates thereof;

(3) where the same occurred, e.g., if in direct person-to-person conversation, the place from which each person involved actually participated; and

(4) what was said by each person involved during such conversation and the order in which it was said, identifying what was said with the person speaking.

(f) The term "present time" as used herein means the date on which these Interrogatories were served on you.

## INTERROGATORIES

1. Please identify yourself fully, giving your full name, date of birth, and social security number. Include any aliases or other names used in your lifetime and list all home addresses used in the past five years.

   **ANSWER:**

2. Please identify all persons, including addresses and telephone numbers, who witnessed or have knowledge of any act, omission, injury, or damage that you claim was caused or contributed to by, or resulted from, the incidents described in your Complaint.

   **ANSWER:**

3. For each person identified in your answer to Interrogatory No. 2, please describe the act(s), omission(s), injury(ies), or damage(s) that they witnessed or of which they have knowledge.

   **ANSWER:**

4. Before or since the filing of this lawsuit, have you ever been involved in any legal (civil or criminal) action of any kind, either as a defendant or as a plaintiff? If so, provide the case name and number, court, and a brief description of the action and outcome of the case.

**ANSWER:**




5. Other than any lawsuits identified in response to the previous interrogatory, have you ever made any claim against any person or entity (including an insurance company) on account of injuries? If so, please state the nature of the claim, the nature and date of the occurrence resulting in the claim, all persons and/or entities against whom the claim was made, the disposition of the claim (e.g., settlement), and the date of disposition.

**ANSWER:**




6. Describe in detail all injuries, whether physical, mental, or otherwise, that you allege to have suffered as a result of the Defendant's conduct related to the occurrences that are the subject of your Complaint.

**ANSWER:**




7. Identify every doctor or medical practitioner of any type (including psychologist and chiropractor), if any, who has examined or treated you in connection with the subject incidents, and include:

(a) the date and type of treatment rendered;

(b) the fee charged by any such health-care provider or medical practitioner for injuries allegedly suffered by you in connection with this incident;

(c) if you have received a disability rating as a result of any injury allegedly received in connection with this incident, please state said disability rating, and identify the person who provided it;

(d) whether you are presently receiving medical treatment for the alleged injuries; and

(e) describe any future medical treatment you will require.

**ANSWER:**

10. Identify each expert upon whose testimony you intend to rely in support of any claims made by you in this matter. State the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, and state a summary of the grounds for each opinion.

**ANSWER:**

11. Do you contend that the Metropolitan Government or anyone acting on behalf of these entities made a statement or statements that support the allegations in your Complaint or subsequent amended complaints and constitute admissions under the Federal Rules of Evidence? If so, please describe each statement in full detail.

**ANSWER:**

12. List and identify with specific dollar amounts any expenses incurred, money spent, losses sustained by you, or any other damages claimed in this litigation as a result of the incidents described in the complaint.

**ANSWER:**

13. From 2016 to the present, list all of your income from all sources and identify each source.

**ANSWER:**

14. Please list all crimes for which you have been cited or arrested, specifically including the date of the arrest or citation, the ultimate disposition of the charge, including but not limited to whether the arrest resulted in conviction, and any punishment imposed.

**ANSWER:**

15. List every period of incarceration you have had in your lifetime, including the facility at which you were incarcerated, the charge and/or conviction that resulted in the incarceration, and the circumstances that led to your release or transfer, if applicable. Include also the terms of parole or probation that applied to your release if applicable.

**ANSWER:**

16. Provide an itemized and detailed description of each category of damages that you are demanding, and specify the amount demanded for each category. Your answer should include, but not be limited to, a description and amount of any medical or out-of-pocket expenses that you have incurred as a result of the incident that gave rise to this lawsuit.

**ANSWER:**

17. If you are aware of any document, writing, photograph, or video or audio recording the content of which relates or pertains to the subject matter of your Complaint or any pleading in this lawsuit, identify the person that made or created the item, identify any person that has custody of any copy, state the date that the item was made or created, and describe the subject thereof.

**ANSWER:**

# O A T H

**STATE OF TENNESSEE )**
**COUNTY OF DAVIDSON )**

    I hereby swear/affirm that the answers to the foregoing interrogatories are true to the best of my knowledge, information and belief.

                                                    _____
                                                  Tracy R. Turner

Sworn to and subscribed before me, a Notary Public, this \_\_\_ day of _____, 2021.

                                                  _____
                                                NOTARY PUBLIC

My Commission Expires: _____

# REQUESTS FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 34, you are hereby requested produce these documents for inspection and copying within 30 days. Please provide the following:

1. Copies of all documents that you identify in your answers to the Interrogatories above or that you consulted in preparing your answers.

2. Copies of all documents on which you intend to rely to support any of your claims in this case.

3. Copies of every lawsuit that you have filed.

4. Copies of all written complaints that you submitted to anyone at the Metropolitan Government regarding the subject of the instant lawsuit.

5. Copies of all notes, logs, journals, reports, memos, or recordings that you took, possess, or maintain that discuss any aspect of the events described in your Complaint or subsequent amended complaints.

6. Copies of any recording(s) or document(s) that you have of any comment(s) made by any employee of the Metropolitan Government regarding the facts that underlie this lawsuit.

7. All documents relating to any damages that you seek in this lawsuit, including but not limited to all documents on which you relied to compute any item of damage that you claim to have suffered as a result of the averments in the Complaint or subsequent amended complaint(s), documents that reflect the nature or amount of the damages that you are seeking, or documents on which you will rely to support your claim for damages in this case.

8. Notes, memoranda, e-mails, correspondence, or other documents (in native format and including drafts) not otherwise produced, but that relate in any way to the incident that forms the basis for this lawsuit or that you may use to support any of your claims in this case.

9. Copies of all W-2s and/or IRS 1099 forms reflecting Respondent's income from 2014 through the present.

10. A copy of each tax return (state and federal) that Respondent has filed from 2014 to the present.

11. A copy of any daytimer(s), schedule(s), or calendar(s), whether written or electronic, in native format and including drafts, that Respondent maintained from the date of the incident that is the subject of the Complaint to the present.

12. A copy of any recording(s) that Respondent has of any comment(s) made by any employee of the Metropolitan Government.

13. A copy of any diary or journal, whether written or electronic, in native format and including drafts, that Respondent maintained from January 2019 to the present.

14. Copies of all e-mails or letters, in native format and including drafts, that Respondent has sent or received regarding the allegations in the Complaint or subsequent amended complaint(s).

15. A copy of any and all texts, data posts, media posts, photos, blogs, recordings and/or comments made by you, about you, or those that have appeared on any of your social media accounts that you have accessed or viewed since January 1, 2019. For a more detailed list of social media sites, please visit:

http://en.wikipedia.org/wiki/List_of_social_networking_websites.

To the extent that these materials can be provided in such a manner, please provide these materials in their native electronic format. Many social media sites allow you to download an electronic copy of the user account, such as Facebook and Twitter:

Facebook: https://www.facebook.com/help/212802592074644

Twitter: https://support.twitter.com/articles/20170160-downloading-your-twitter-archive#.

16. Copies of all affidavits and statements from Respondent and/or other potential witnesses concerning the subject matter of this case.

17. Please execute the attached authorization for the release of records.

> DEPARTMENT OF LAW OF THE
> METROPOLITAN GOVERNMENT OF
> NASHVILLE AND DAVIDSON COUNTY
> WALLACE W. DIETZ (#9949)
> DIRECTOR OF LAW
>
> */s/ John W. Ayers*
> Allison L. Bussell (#23538)
> John W. Ayers (#37494)
> Assistant Metropolitan Attorneys
> Metropolitan Courthouse, Suite 108
> P.O. Box 196300
> Nashville, Tennessee 37219
> (615) 862-6341
> allison.bussell@nashville.gov
> will.ayers@nashville.gov
>
> *Counsel for the Metropolitan Government*

# **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been forwarded via electronic mail to:

Larry L. Crain
5214 Maryland Way, Suite 402
Brentwood, TN 37027
larry@crainlaw.legal

on this the 12th day of August 2021.

                                                        /s/ *John W. Ayers*
                                                       John W. Ayers