IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRACY R. TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-cv-00042 |
| | ) Judge Richardson |
| METROPOLITAN GOVERNMENT OF | ) |
| NASHVILLE AND DAVIDSON COUNTY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

The Metropolitan Government of Nashville and Davidson County hereby responds to the allegations in Plaintiff's Complaint (Doc. No. 1) as follows:

**I.
Introduction**

1. It is admitted that Plaintiff brings this action through 42 U.S.C. § 1983, alleging retaliation in violation of the First Amendment of the United States Constitution and corollary provisions of the Tennessee Constitution. It is denied that any such retaliation occurred. All other allegations in this paragraph are denied.

2. Denied.

3. It is denied that Plaintiff is entitled to any of the relief he seeks.

**II.
Jurisdiction and Venue**

4. This Court's federal jurisdiction is admitted.

5. This Court's authority to grant declaratory relief is admitted.

6. It is admitted that venue is proper in this Court. It is denied that Defendant engaged in wrongful conduct.

## III.
## Parties

### *Plaintiff*

7. Admitted upon information and belief.

### *Defendant*

8. Admitted.

## IV.
## Facts

9. It is admitted that Plaintiff has been employed by the Nashville Fire Department ("NFD") for 25 years. It is admitted that Plaintiff served as a Captain in the NFD. To the extent that this paragraph implies that Plaintiff's employment with the NFD has terminated, it is denied.

10. It is admitted that Plaintiff scored at a level at or above "acceptable" on all of his employee evaluations at NFD. It is denied that Plaintiff had never been disciplined prior to the events alleged in his Complaint.

### **Events of 2020**

11. This vague statement does not comply with Federal Rule of Civil Procedure 8(a)(2). As such, it is denied.

12. Admitted.

13. Admitted.

14. Admitted.

15. This vague statement does not comply with Federal Rule of Civil Procedure 8(a)(2). As such, it is denied.

16. Defendant lacks sufficient information to admit or deny this allegation; thus, it is denied, and strict proof is demanded thereof.

17. It is admitted that George Floyd died in Minneapolis on May 25, 2020. The remaining allegations in this paragraph are denied, and strict proof is demanded thereof.

18. Admitted.

19. It is admitted that nationwide protests followed George Floyd's death. The remaining allegations in this paragraph are denied, and strict proof is demanded thereof.

20. Defendant lacks sufficient information to admit or deny this vague allegation concerning "several" protests in unnamed locations; thus, it is denied, and strict proof is demanded thereof.

21. Defendant lacks sufficient information to admit or deny this allegation; thus, it is denied, and strict proof is demanded thereof.

22. Defendant lacks sufficient information to admit or deny this vague allegation concerning unspecified protests in unnamed locations; thus, it is denied, and strict proof is demanded thereof.

23. It is admitted that the Black Lives Matter organization was formed in 2013. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph; thus, they are denied, and strict proof is demanded thereof.

24. Defendant lacks sufficient information to admit or deny this allegation, as the supporting web link provided in Footnotes 1-3 of Plaintiff's Complaint was not functional at the time of answering; thus, it is denied, and strict proof is demanded thereof.

25. See answer to Paragraph 24.

26. See answer to Paragraph 24.

27. See answer to Paragraph 24.

## Exercising Political Speech within this Cultural Milieu

28. Insofar as the allegations in this paragraph are based on prior allegations, the Metropolitan Government incorporates its prior responses. It is admitted that Plaintiff asserts a violation of his right to free speech but denied that his rights were violated.

29. Due to the vague nature of the allegation that Plaintiff expressed views on Facebook on "several separate occasions," it is denied. It is admitted that Plaintiff posted a link to the news article identified. All other allegations in this paragraph are denied, and strict proof is demanded thereof.

30. Defendant lacks sufficient information to admit or deny this allegation; thus, it is denied, and strict proof is demanded thereof.

31. This paragraph calls for a legal conclusion, which Defendant is not required to provide. If a response is required, insofar as Plaintiff characterizes his speech as being about "racial division," that characterization is denied.

32. This paragraph calls for a legal conclusion, which Defendant is not required to provide. If a response is required, insofar as Plaintiff characterizes his speech as being about "political division," that characterization is denied.

33. This paragraph calls for a legal conclusion, which Defendant is not required to provide. If a response is required, the allegations are denied.

34. Defendant lacks sufficient information to admit or deny this allegation; thus, it is denied, and strict proof is demanded thereof.

35. This paragraph calls for a legal conclusion, which Defendant is not required to provide. If a response is required, the allegations are denied.

36. Defendant lacks sufficient information to admit or deny this allegation; thus, it is denied, and strict proof is demanded thereof.

37. Denied.

38. Denied.

39. It is admitted that Deputy Director Jerry Tomlinson contacted Plaintiff on July 22, 2020. It is denied that Deputy Director Tomlinson instructed Plaintiff to remove any particular social media post.

40. Denied.

41. It is admitted that Plaintiff posted the specified article on his Facebook page. It is denied that he was instructed to remove that specific post. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph; thus, they are denied, and strict proof is demanded thereof.

### July 23, 2020 Meeting

42. Admitted.

43. Admitted.

44. It is admitted that Deputy Director Tomlinson asked Plaintiff if he understood the purpose of the meeting. It is admitted that Plaintiff responded that he did not. It is admitted that Deputy Director Tomlinson explained that the meeting concerned Plaintiff's social media posts. It is denied that Plaintiff inquired about specific posts or that Deputy Director Tomlinson did not respond to such an inquiry. It is denied that Joseph Pleasant "took over" the meeting.

45. It is admitted that Joseph Pleasant produced printouts of Plaintiff's social media posts at the July 23, 2020 meeting. The remaining allegations in this paragraph are denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. It is denied that a disciplinary hearing took place on August 10, 2020. It is admitted that the people named in this paragraph attended a disciplinary hearing on July 30, 2020.

51. Defendant lacks sufficient information to admit or deny the allegation that Plaintiff received any text message; thus, it is denied, and strict proof is demanded thereof. It is admitted that a message from Mr. Robinson was read into the record at Plaintiff's disciplinary hearing. Plaintiff's characterization of Mr. Robinson's message as "refuting the charges of racism as ridiculous" is denied. It is further denied that Plaintiff was charged with "racism."

52. It is admitted that Mr. Young represented Plaintiff at the disciplinary hearing. It is admitted that Mr. Young referred to other employees' social media posts at the hearing. It is admitted that one of the posts contained a racial slur. The remaining allegations in this paragraph are denied.

53. It is admitted that Mr. Young produced a Facebook post with the alleged content. The remaining allegations in this paragraph are denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. It is admitted that Plaintiff was temporarily demoted for 6 months. It is denied that the position he was demoted to is the "lowest position one may hold" in the NFD. It is admitted that Plaintiff was prevented from bidding on new territory for two years. It is denied that Plaintiff was required to attend "a series of diversity and sensitivity classes." It is admitted that Plaintiff was required to complete a class on appropriate use of social media as well as a class on diversity and inclusion.

59. Denied.

60. It is admitted that on August 10, 2020, Joseph Pleasant distributed the public statement described to news media and to the NFD listserv. It is admitted that the public statement is attached to the Complaint as Exhibit B and that the statement speaks for itself.

61. It is denied due to lack of information after reasonable investigation that the August 10, 2020 public statement was the first-ever announcement of a punishment given to a serving NFD captain. NFD has been in operation since at least 1860 and full records of personnel matters dating back to that time are not readily accessible. The remaining allegations in this paragraph are denied.

62. Denied. Further, it is denied that Joseph Pleasant asked firefighters to wear or sell rainbow T-shirts, either on duty or off duty. To the extent that this allegation implies that Joseph Pleasant was aware of Plaintiff's opinions about rainbow T-shirts, it is denied.

63. Defendant lacks sufficient information to admit or deny this allegation; thus, it is denied, and strict proof is demanded thereof.

64. Admitted. Further, the letter noted that Plaintiff was found guilty of violating OPG 1.24, Conduct Unbecoming an Employee of the Department, #1 and #2; MEMO 18-118; MEMO 18-127; and MEMO 20-061.

VI.[1]
**Causes of Action**

**COUNT I**

**42 U.S.C. § 1983**
**Violation of the First Amendment of the United States Constitution**

---

[1] There is no Section V in the Complaint. For clarity, this Answer maintains the Complaint's numbering system.

{N0451423.1} 7

65. Defendant's responses to the foregoing paragraphs are adopted and incorporated as if fully set forth herein.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

### Request for Relief

It is denied that Plaintiff is entitled to any of the relief he seeks.

### GENERAL DENIAL

Any allegation not specifically admitted in this Answer is hereby denied, and strict proof is demanded thereof.

### GENERAL AND AFFIRMATIVE DEFENSES

1. Defendant denies that Plaintiff is entitled to any relief and asserts that this matter should be dismissed for failure to state a claim upon which relief can be granted.

2. Defendant did not violate any constitutional right or other federal right to which Plaintiff was entitled.

3. Defendant did not commit any act or omission that caused or contributed to Plaintiff's alleged damages.

4. At all times, Defendant's actions were based on legitimate, non-retaliatory reasons, undertaken in good faith and without malice or ill-will towards the Plaintiff.

5. Even if it is determined that Plaintiff engaged in protected speech, discipline was warranted and would have occurred notwithstanding the protected speech.

6. Plaintiff's claims are barred by estoppel, laches, and/or the applicable statute of limitations.

7. Plaintiff is not entitled to nominal, compensatory, or punitive damages; fees; back pay; pre- or post-judgment interest; or costs.

8. To the extent that evidence has been acquired after Plaintiff's discipline that would provide a basis for that same discipline, additional discipline, or termination, Plaintiff is barred from recovery.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint (Doc. No. 1), the Metropolitan Government prays:

1. That this be accepted as its Answer herein;
2. This this cause be dismissed and held for naught;
3. That all costs and other reasonable fees be charged to and borne by Plaintiff;
4. That a jury of 12 hear all claims so triable; and
5. For such other relief as the Court deems appropriate.

Respectfully submitted,

DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
ROBERT E. COOPER, JR. (#10934)
DIRECTOR OF LAW

/s/ *John W. Ayers*
ALLISON BUSSELL (#23538)
JOHN W. AYERS (#37494)
ASSISTANT METROPOLITAN ATTORNEYS
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
allison.bussell@nashville.gov
will.ayers@nashville.gov
*Counsel for the Metropolitan Government*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been delivered via the Court's CM/ECF system to the following on the 9th day of February 2022:

Larry L. Crain
5214 Maryland Way, Suite 402
Brentwood, TN 37027
larry@crainlaw.legal

/s/ *John W. Ayers*
John W. Ayers