IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

TRACY R. TURNER, )
)
    *Plaintiff*, )
-vs- )
)
METROPOLITAN GOVERNMENT OF ) Case No. 3:21-CV-00042
NASHVILLE AND DAVIDSON )
COUNTY, ) Judge Eli J. Richardson
)
    *Defendant*. )

## PLAINTIFF TRACY TURNER'S BRIEF ON DAMAGES

Comes now Plaintiff, Tracy R. Turner, by and through his undersigned counsel of record and respectfully submits this Brief on Damages.

**I.**     **Economic Damages.**

Plaintiff seeks economic damages in differential earnings arising out of his demotion from the rank of Captain to that of Firefighter 2 on August 16, 2020, until his rank was restored on February 16, 2021, as follows:

Loss of Earnings:

Total earnings during 6-month period prior
to demotion effective on August 16, 2020 ................................................. $44,853.91

Total earnings during 6-month period following
demotion until reinstatement on February 16, 2021 .................................. $37,400.69

Differential in earnings ............................................................................... $7,453.91[1]

---

[1] **Source:**
Defendant's Response to Plaintiff's Request for Documents No. 16, and the following Bates Stamped documents provided by the Defendant in response to discovery:

Bates # MG 000530 is a statement of Average Earnings from September of 2016 to August of 2021. Line items 43 – 48 on this Exhibit shows Plaintiff's total earnings for the six-month period preceding his demotion (March – August, 2020) was $44,853.91. Plaintiff's total earnings during the six-month period of his demotion as shown in Line items 49-54 on this Exhibit (September of 2020 – February of 2021) was $37,400.69. The differential between these two figures is $7,453.91.

## II. Compensatory Damages:

Plaintiff seeks compensatory damages for emotional injuries for mental anguish, embarrassment, injury to reputation and humiliation in an amount to be determined by the jury.

**Authorities:**

*Benson v. City of Wellston*, 201 Fed.Appx. 350, 353, 2006 WL 3154855, at *3 (6th Cir. 2006)("Damages must be established to a reasonable certainty, but the existence of some uncertainty as to the amount of damages does not foreclose recovery. Citing *Broan Mfg. Co., Inc. v. Associated Distribs., Inc.*, 923 F.2d 1232, 1236 (6th Cir.1991). "It has long been recognized that once the fact of damage has been properly shown, uncertainty as to their amount will not foreclose recovery." *Blue Diamond Coal Co. v. United Mine Workers of Am.*, 436 F.2d 551, 561 (6th Cir.1970) (citations and internal quotations omitted).

Respectfully submitted,

**CRAIN LAW GROUP, PLLC**

By: */s/ Larry L. Crain*
Larry L. Crain (#9040)
5214 Maryland Way, Suite 402
Brentwood, TN. 37027
Tel. 615-376-2600
Fax. 615-345-6009
Email: Larry@crainlaw.legal
*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff's Brief on Damages was served via the Court's ECF-filing system on the following individuals listed below on this the 20th day of January, 2025.

Allison L. Bussell
John W. Ayers
Department of Law for the
Metropolitan Government of Nashville and Davidson County
Metropolitan Courthouse, Suite 108
P. O. Box 196300
Nashville, TN 37219
Allison.bussell@nashville.gov
Will.ayer@nashville.gov

                                            */s/ Larry L. Crain*
                                            Larry L. Crain