IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRACY R. TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00042 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| METROPOLITAN GOVERNMENT ) | |
| OF NASHVILLE AND DAVIDSON ) | |
| COUNTY, ) | |
| ) | |
| Defendant. | |

## ORDER AWARDING ATTORNEY'S FEES AND TAXABLE COSTS

On February 11, 2025, the Court entered judgment in favor of Plaintiff in the total amount of $1,719,513.22 based on the jury's verdict returned four days earlier. (Doc. No. 109). Plaintiff thereafter filed "Plaintiff's Motion for Attorney's Fees, Costs and Expenses" (Doc. No. 111, "Motion"), supported by numerous attachments in support thereof, including an affidavit from Plaintiff's lead counsel (Doc. No. 111-1) and attachments thereto.

Via the Motion, Plaintiff seeks attorney's fees in the total amount of $ 216,318.32, the total amount reflected in the attorney billing records set forth in Exhibit C to the affidavit of Plaintiff's counsel (Doc. No. 111-1). Via the Motion, Plaintiff also seeks "costs and expenses to be reimbursed total[ing] $7,080.00, as reflected in the Bill of Costs [Doc. No. 110]." (Doc. No. 111 at 1).

Defendant filed a response to the Motion (Doc. No. 117), which stated in its entirety as follows:

> Defendant Metro Nashville gives notice that it does not oppose Plaintiff's motion for attorney's fees in the amount of $216,318.32 (Doc. No. 111) or object to Plaintiff's bill of costs in the amount of $7,080.22 (Doc. No. 110). Metro Nashville agrees that the hourly rate, hours recorded, and amount of costs are reasonable, and that Plaintiff qualifies as a prevailing party for purposes of 42 U.S.C. § 1988. Accordingly, Metro Nashville will not challenge these amounts, but reserves the right to challenge the reasonableness of any future petitions for fees or costs.

(*Id.* at 1). Thus, without opposition and for good cause shown, the Court awards Plaintiff $216,318.32 in attorney's fees. Regarding costs, the Court's applicable local rule contemplates that generally, the Clerk of Court (rather than the presiding judge) will decide on taxation of costs. *See* LR54.01(a). But the rule also provides that "[i]f counsel for the litigants in a civil case are able to agree on costs, they need not file a bill of costs with the Clerk." (*Id.*). Because it turned out that the parties' counsel were able to agree on costs, it is apparent in hindsight that a bill of cost did not need to be filed in this case and that thus no action by the Clerk was needed on a bill of costs. That being so, the Court believes that it may go ahead and herein award costs to Plaintiff, without running afoul of the local rule or encroaching on the Clerk's duties and prerogatives regarding bills of costs. Accordingly, without opposition, the Court awards Plaintiff $7,080.00 in costs.

## CONCLUSION

Plaintiff is hereby awarded attorney's fees in the total amount of $216,318.32 and costs in the total amount of $7,090.00.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE