IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRACY R. TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:21-cv-00042 |
| | ) JUDGE RICHARDSON |
| | ) |
| METROPOLITAN GOVERNMENT OF | ) |
| NASHVILLE AND DAVIDSON | ) |
| COUNTY, | ) |
| | |
| Defendant. | |

## ORDER

This action came before the Court for a trial by jury. The issues were tried, and the jury returned its verdict. Based on the answers to the special interrogatories returned by the jury on the first verdict form, the Court found in favor of Plaintiff on his First Amendment retaliation claim. On the subsequent ("Phase II") verdict form addressing damages, the jury awarded Plaintiff $7513.22 in back pay and $1,712,000.00 in compensatory damages. Accordingly, the Court entered judgment in favor of Plaintiff and against Defendant in the amount of $1,719,513.22. (Doc. No. 109). The Court thereafter granted Defendant leave to deposit the amount of the $1,719,513.22 judgment into the Court Registry Investment System (CRIS). (Doc. No. 113). Defendant promptly made the deposit of $1,719.513.22 ("Deposited Funds"). (Doc. No. 118). The Court thereafter awarded Plaintiff attorneys fees in the total amount of $216,318.32 and costs in the total amount of $7,090.00. (Doc. No. 122).

Defendant then filed "Defendant's Motion for New Trial or Remittitur" (Doc. No. 123). As announced and explained during a teleconference held on July 1, 2025, the Court **GRANTED**

**IN PART AND DENIED IN PART** that motion. In particular, the motion was denied to the extent that it sought as unconditional order for new trial, but granted to the extent that it sought an order for new trial conditioned on Plaintiff declining to accept a remittitur with respect to the amount of compensatory damages. More specifically regarding this conditional grant of an order for new trial, the Court announced and explained that unless Plaintiff accepted a remittitur from $1,712,000.00 to $500,000 with respect to compensatory damages, the Court would grant Defendant a new trial.

A week later, Plaintiff filed a "Notice of Acceptance of Remitted Judgment in the amount of Five Hundred Thousand Dollars ($500,000.00)." (Doc. No. 131). Accordingly, an amended judgment shall be entered separately in favor of Plaintiff in the amount of $500,000.00 compensatory damages and $7,513.22 in back pay, for a total of $507,513.22.

As also announced and explained during the July 1 teleconference, the "Motion to Intervene" (Doc. No. 127) filed by Fireman's Credit Union is **GRANTED**. Accordingly, Fireman's Credit Union is allowed to intervene "for the sole and limited purpose of asserting a judgment lien on the proceeds," and either (i) any order that disperses [the Deposited Funds will require payment from the Deposited Funds] of said judgment lien of the Movant, or (ii) Firemen's Credit Union shall "be allowed to participate in any request or motion and or hearing to disburse [the Deposited Funds]." (Doc. No. 127 at 5).

By July 24, 2025, the parties (including Firemen's Credit Union) shall file one or more notices (ideally, a single joint notice) regarding their views (and ideally a proposed order) regarding the disposition of the Deposited Funds, which should address the extent to which and the manner in which the Deposited Funds should be (i) distributed to Firemen's Credit Union to

satisfy its judicial lien; (ii) distributed to Plaintiff to satisfy the amended judgment and order awarding attorney's fees and costs; and (iii) returned to Defendant.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRCIT JUDGE